IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re, | Bankruptcy No. 23-10470-mdc |
| ANDREW E. CAHILL, | Chapter 13 |
|    Debtor, | Document No. 12, 15 |
| TOYOTA MOTOR CREDIT CORPORATION, | |
|    Movant, | |
|        v. | |
| ANDREW E. CAHILL, and KENNETH E. WEST Trustee,    Respondents. | |

STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes Movant, Toyota Motor Credit Corporation ("Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and, Debtor, Andrew E. Cahill, by and through her undersigned counsel, Brad J. Sadek, Esquire, and together file this Stipulation Resolving Motion for Relief from the Automatic Stay (the "Stipulation"), stating as follows:

1.   The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.   Movant has a secured interest in the 2012 Chevrolet Silverado 1500 Crew Cab LT 4WD, VIN# 3GCPKSE78CG102804 (the "Vehicle").

3.   As of the date of this Stipulation, the Debtor is in default of her post-petition payment obligations to Movant in the amount of $2,567.76.

4.   Debtor will cure the remaining post-petition arrears by making monthly payments to Movant through an Amended Chapter 13 Plan to be filed by Debtor and her Counsel. In order to resolving the pending the Objection, the parties agree as follows:

    a. Debtor shall have an Amended Chapter 13 Plan to provide for the $2,567.76 in post-petition arrears.

    b. The terms of this Stipulation shall be incorporated into the Debtor's confirmed Chapter 13 plan and any subsequent plan filed thereafter.

    c. Toyota Motor Credit Corporation shall continue to be paid post petition outside the Debtor's Chapter 13 Plan.

    d. Any conversion or dismissal of this case shall void the terms of the stipulated order.

5. Debtor shall direct the payments to:

> Toyota Motor Credit Corporation
> P.O. Box 9490
> Cedar Rapids, IA 52409-9490

Payments must be received by Movant at the above-referenced address on or before the 15th day of each month. Debtor will be in default under the Stipulation in the event that the Debtor fails to comply with the payment terms and conditions in Paragraph 4, *supra*. If Debtor defaults under this Stipulation, Movant may send Debtor and Debtor's counsel a Notice of Default. Debtor will have ten (10) days from the date of the Notice of Default to cure the default. If default is not cured after ten days, a Certification of Default will be immediately filed with the Court by the Movant.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of such conversion. Should the Debtor fail to cure said arrears within the ten-day period, such failure shall be deemed a default under the terms of this Stipulation Movant may serve a notice of default and intent to file Certification of Default but Debtor will not be granted an opportunity to cure the default. Instead, a Certification of Default will be immediately filed with the Court.

7. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified

orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ *Keri P. Ebeck*  
Keri P. Ebeck, Esq.  
PA I.D. # 91298  
kebeck@bernsteinlaw.com  
601 Grant Street, 9th Floor  
Pittsburgh, PA 15219  
412-456-8112  
Fax: (412) 456-8120  

*Counsel for Toyota Motor Credit Corp.*

By: /s/ *Brad J. Sadek*  
Brad J. Sadek, Esq.  
PA I.D.# 90488  
brad@sadeklaw.com  
1500 JFK Boulevard, Ste 220  
Philadelphia, PA 19102  
215-545-0008  
Fax : 215-545-0611  

*Counsel for Andrew E. Cahill*

Dated: August 17, 2023